# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN THE COMPLAINT OF ARDEN A. JOHNSON, etc., | ) ) ) ) ) |
| Petitioner. | CIVIL ACTION 04-0128-WS-B |

## ORDER

This matter is before the Court on the petitioner's motion for partial judgment on the pleadings. (Doc. 107). The motion is directed to the prayers of Duncan Greenwood and Allstate Insurance Co. ("Allstate") for reasonable attorney's fees. Greenwood and Allstate declined the opportunity to respond to the motion. (Doc. 110).

According to the petitioner, attorney's fees can be awarded only if provided by statute or contract or if the petitioner acted in bad faith. (Doc. 107 at 8). The petitioner asserts that no statute or contract provides for attorney's fees in this case, and he denies that he or his counsel have acted in bad faith. (*Id*.).

As the petitioner acknowledges, (Doc. 107 at 3-4), in considering a motion for judgment on the pleadings, the Court can consider only the allegations of the challenged pleading and any judicially noticed facts. *E.g., Hawthorne v. Mac Adjustment, Inc*., 140 F.3d 1367, 1370 (11th Cir. 1998). Judgment on the pleadings may be entered only if, considering the allegations of the challenged pleading and any judicially noticed facts, "it appears beyond doubt that the [party] can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (internal quotes omitted).

Assuming without deciding that no statute or contract would allow for a recovery of attorney's fees in this case, neither the challenged pleadings nor any judicially noticed facts establish that Greenwood and Allstate cannot prove that the petitioner acted in bad faith. To negate bad faith, the petitioner offers only his ipse dixit, and that as a matter of law is insufficient

to support judgment on the pleadings.  Accordingly, the petitioner's motion is **denied**.[1]

DONE and ORDERED this 18th day of May, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] The denial of the petitioner's motion is based on his failure to meet the stringent standard applicable to such motions and does not reflect any judicial opinion as to whether attorney's fees are or are not available in this action.  The failure of Greenwood and Allstate to oppose the petitioner's motion strongly suggests their belief that such fees are not available, but their silence does not supply the deficiency in the petitioner's motion.  Of course, should Greenwood or Allstate pursue an award of attorney's fees with sufficient awareness that the claim is legally and/or factually baseless, Rule 11 provides an adequate remedy.