IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN THE COMPLAINT OF ARDEN A.  )
JOHNSON, etc.,         )
              )  **CIVIL ACTION 04-0128-WS-B**
   Petitioner.     )

## ORDER

   This matter is before the Court on the petitioner's motion for summary judgment.  (Doc. 133).  The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 134-36, 156-58, 169), and the motion is ripe for resolution.  After carefully considering all the foregoing materials, the Court concludes that the motion is due to be denied.

## BACKGROUND

   The petitioner's vessel was berthed at claimant Dog River Marina and Boat Works, Inc. ("Dog River").  Vessels belonging to claimants Conrad Armbrecht, Sam Haginas and Duncan Greenwood were also berthed there.  On September 6, 2003, a fire broke out on the petitioner's vessel, damaging or destroying that vessel and those of the claimants, as well as Dog River's facility.  The petitioner brought this action seeking exoneration from or limitation of liability.

## DISCUSSION

   The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1333.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

   Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).  Once the moving party has satisfied its responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact.  *Id.*  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment."  *Id.*  (quoting *Celotex Corp. v. Catrett*, 477 U.S.

317 (1986))(footnote omitted).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp*., 43 F.3d 587, 599 (11th Cir. 1995).  The Court therefore confines its consideration to those arguments the parties have elected to assert expressly.

The petitioner seeks exoneration from or limitation of liability pursuant to 46 U.S.C. § 183.  "A shipowner is entitled to exoneration from all liability for a maritime collision [or other maritime loss] only when it demonstrates that it is free from any contributory fault. [citation omitted] The determination of whether a shipowner is entitled to limit liability ... involves a two-step analysis ....  First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident.  Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." *American Dredging Co. v. Lambert*, 81 F.3d 127, 129 (11th Cir. 1996)(internal quotes omitted).  "The damage claimants bear the initial burden of establishing liability, and the shipowner then bears the burden of establishing the lack of privity or knowledge.*" Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996).  The petitioner argues that the claimants cannot meet their initial burden, entitling him to exoneration.  The petitioner expressly declines to hinge his motion on the privity or knowledge requirement.  (Doc. 169 at 18-19).[1]

The claimants, relying on their expert, Frederick Franklin, assert that the vessel was unseaworthy due to defective wiring.  (Doc. 156 at 7, 10-11).  The petitioner responds that Franklin can only speculate as to whether the wiring was defective and as to whether any defect

---

[1] The petitioner at one point suggests that the claimants have no evidence with which to establish the privity or knowledge requirement.  (Doc. 134 at 7).  Because the burden as to privity and knowledge is on the petitioner, the claimants' asserted lack of evidence is irrelevant, especially on motion for summary judgment.  "When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)(en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  The petitioner has not attempted to meet this burden.

in the wiring caused the fire.  (Doc. 169 at 3-9).

Franklin's report is in evidence, (Doc. 157, Exhibit F), and has drawn no objection from the petitioner.  Franklin's inspection revealed a single area of massive copper melting, consistent with short circuit arcing.  Witnesses reported that the fire first appeared in and directly above this precise area.  Upon investigation, Franklin ruled out other electrical causes of the fire, as well as ignition of flammable liquids (the engine was cold), smoking or cooking (the vessel had been unoccupied for days), arson (the fire occurred in broad daylight with workers nearby), and lightning (it was a sunny day).  Franklin concluded that one of the six wires in the melted area short circuited and arced, compromising the insulation on the adjoining wires, leading to additional arcing and the fire.[2]

The petitioner has challenged neither Franklin's qualifications nor his methodology, and his efforts to neutralize Franklin's conclusions as speculation are unavailing.  The petitioner's objections are as follows: (1) that Franklin cannot state which of the six wires first arced; (2) that Franklin cannot tell, simply from looking at the copper melt, whether arcing caused the fire or whether the fire, sprung from other causes, caused the arcing; and (3) that Franklin found no physical evidence that any wire's insulation was compromised before the fire.  (Doc. 169 at 3-7).

As for the first objection, the petitioner does not challenge the claimants' assertion that defective wiring can constitute an unseaworthy condition, and it can hardly matter for limitation purposes which of the six melted wires was the defective one.  As for the second, Franklin did not rely on the mere existence of the copper melt to determine an electrical cause, but also on the absence of other possible causes of the fire and on the reports of eyewitnesses that the fire began in this location.  *See Breidor v. Sears, Roebuck & Co.*, 722 F.2d 1134, 1138 (3rd Cir. 1983) ("Where a fire investigator identifies the cause of fire in terms of probabilities (as opposed to mere possibilities) by eliminating all but one reasonable potential cause, such testimony is highly probative."); *cf. Hartley v. St. Paul Fire & Marine Insurance Co.*, 118 Fed. Appx. 914, 919 (6th

___

[2]The claimants assert there is evidence that these wires were energized at the time of the fire.  (Doc. 156 at 7).  Although the cited deposition excerpt appears somewhat obscure, (Henderson Deposition at 72), absent challenge from the petitioner the Court will assume that the claimants' description of this testimony is accurate.

Cir. 2004)("By the very nature of a fire, its cause must often be proven through a combination of common sense, circumstantial evidence, and expert testimony ....")(internal quotes omitted). And as for the third, the petitioner has offered no authority for the unlikely proposition that an expert may not opine as to a fire's cause if the fire — as fire usually does — destroys the most direct evidence of causation. *Cf. Weisgram v. Marley Co.*, 169 F.3d 514, 522 (8th Cir. 1999) ("Fire cases differ from most accident cases because fires tend to destroy evidence of causation.")(Bright, J., dissenting).

The petitioner presents *Rooney v. Nuta*, 267 F.2d 142 (5th Cir. 1959), as "remarkably similar" to this case. (Doc. 169 at 7). In *Rooney*, the claimants tried to prove that the fire in the vessel's salon was caused by defective wiring, based on a previous electrical fire in the engine room and on the difficulty experienced in keeping the vessel's batteries charged. *Id*. at 144. The Fifth Circuit held that the previous fire could not support an inference of negligence because all wiring at issue in the previous fire — which occurred elsewhere on the vessel — had been replaced. *Id*. at 145. Nor could the draining batteries support an inference of negligence when the strongest support for that theory was an electrical engineer's testimony that the discharging batteries "likely could" cause a fire in the circuit, which the Court interpreted as meaning "possibly" — a qualifier far short of "reasonable probability." *Id*. at 146-47. The Court also discounted this testimony as "more of the nature of argument than of testimony," since the hypothetical question to which it responded assumed the absence of any other cause of the fire, rendering the witness's testimony a mere tautology, a display of his "reasoning powers" but not his knowledge of fire causation. *Id*. at 147 n.10. *Rooney* is thus worlds removed from this case, where an expert of unchallenged qualifications and methodology has affirmatively stated that, based on his knowledge of short circuiting, the physical evidence, the reports of eyewitnesses, and the absence of any other potential cause, "I am of the definite opinion that a short circuit arc in the wiring installed in the Dover by Sea Ray was the cause of this fire." (Doc. 157, Exhibit F at 9).

As the Court prepared to sign this order, the third party defendants — but not the petitioner — filed a motion under Rule 702 to strike Franklin's ultimate conclusion that the fire was caused by short circuit arcing. (Doc. 182). Even were the petitioner to file a similar motion, it could not alter the outcome of his motion for summary judgment. Franklin's qualifications as

an expert remain unchallenged, as do his expert opinions that the copper melt is consistent with massive arcing sufficient to cause a fire and that all other possible causes of the fire were eliminated.  That testimony, especially when combined with the eyewitness reports that the fire was first observed in just the area containing the copper melt, would be sufficient to create a genuine issue of material fact as to the cause of the fire even were Franklin's ultimate conclusion excluded.[3]

Because the claimants have demonstrated the existence of a genuine issue of material fact as to whether the fire was caused by an unseaworthy condition, it is unnecessary to consider their alternative arguments as to negligence and res ipsa loquitur.[4]  For the reasons set forth above, the petitioner's motion for summary judgment is **denied**.

DONE and ORDERED this 5th day of January, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3]The Court will rule on the motion to strike by separate order.

[4]However, the Court warns the parties that it does not expect its time and theirs to be wasted at trial by the presentation of evidence concerning the petitioner's alleged negligence, if such evidence is unaccompanied by any showing that the fire was caused thereby.