IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN THE COMPLAINT OF ARDEN A.        )
JOHNSON, etc.,                      )
                                    )    CIVIL ACTION 04-0128-WS-B
        Petitioner.                 )

ORDER

This matter is before the Court on the petitioner's motion for partial summary judgment
as to certain assertions made by claimant Dog River Marina & Boat Works, Inc. ("Dog River").
(Doc. 137).  The parties have filed briefs and evidentiary materials in support of their respective
positions, (Docs. 138-41, 144, 155, 170-71), and the motion is ripe for resolution.  After
carefully considering all the foregoing materials, the Court concludes that the motion is due to be
granted in part and denied in part.

BACKGROUND

The petitioner's vessel was berthed at Dog River.  Vessels belonging to claimants Conrad
Armbrecht, Sam Haginas and Duncan Greenwood were also berthed there.  On September 6,
2003, a fire broke out on the petitioner's vessel, damaging or destroying that vessel and those of
the claimants, as well as Dog River's facility.  The petitioner brought this action seeking
exoneration from or limitation of liability.  (Doc. 1).

The marina berth lease/storage agreement ("the Agreement") between Dog River and the
petitioner provides in pertinent part as follows:

> Owner shall, to the extent owner may do so without violating the terms
> and conditions of Owner's liability insurance policy, indemnify, and hold Marina
> harmless against all damage caused by Owner or Vessel to Marina's property,
> docks, pilings and bulkhead and against all claims, including cost of litigation and
> reasonable attorney's fees by third parties arising from owner's use of the above-
> described slip/space.  Owner shall maintain a liability insurance policy for property
> damage and/or personal injury arising from the use of Vessel with minimum limits
> of $300,000.00.

(Doc. 150, Exhibit A, Exhibit 7, ¶ 7).

In response to the petition, Dog River filed a claim for indemnity based on the foregoing

contract language.  (Doc. 68 at 1-3).[1]  The petitioner argues that it would violate the terms of its liability insurance policy for him to agree to indemnify Dog River and that, in the alternative, the indemnity provision contains an exculpatory clause that is unenforceable pursuant to public policy.

## CONCLUSIONS OF LAW

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1333.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).  Once the moving party has satisfied its responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact.  *Id.*  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment."  *Id.*  (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986))(footnote omitted).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party."  *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)(en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

---

[1]The petitioner describes Dog River's invocation of paragraph 7 of the Agreement as an assertion of affirmative defenses, (Doc. 137 at 1), but Dog River plainly relies on the provision to support its claim for affirmative relief.

The distribution of burdens at trial determines the parties' burdens on motion for summary judgment.  At trial, Dog River bears the burden of showing that the indemnity provision applies, while the petitioner bears the burden of showing that the provision is unenforceable as against public policy.

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment."  *Resolution Trust Corp. v. Dunmar Corp*., 43 F.3d 587, 599 (11th Cir. 1995).  The Court therefore confines its consideration to those arguments the parties have elected to assert expressly.

### A.  Applicability of the Clause.

According to the petitioner, his liability policy contains the following exclusion from coverage: "We do not provide coverage under Part B: Liability Coverage for ... [l]iability assumed by you under any contract or agreement."  (Doc. 138 at 2, ¶ 6).[2]  The petitioner asserts, without challenge by Dog River, that the indemnity provision represents a liability assumed by the petitioner by contract or agreement.  The petitioner continues that, because his policy excludes coverage for such assumed liability, it would "violat[e] the terms and conditions of" the policy for him to indemnify Dog River under paragraph 7 of the Agreement.  (*Id*. at 5-6).  Dog River counters that to "violate" means to break, breach or disregard, and that the petitioner would not breach his insurance policy by assuming a liability by contract; he would simply not be afforded insurance coverage for such assumed liability, leaving him personally responsible for payment.  (Doc. 155 at 4).

The determination of whether a maritime contract is ambiguous is a legal one for the Court.[3]  "Under federal maritime law, a court may not look beyond the written language of the

---

[2]The petitioner has not provided any evidence that the policy actually contains this language, as the copy of the policy he submitted omits the critical page.  (Doc. 144, Exhibit 2).  The Court's resolution in text of the petitioner's argument renders it unnecessary to decide whether either this default, or the petitioner's alleged failure to provide a copy of the policy to Dog River, (Doc. 155 at 3-4), would alone be dispositive of his argument.

[3]*Merrill Stevens Dry Dock Co. v. M/V YEOCOMICO II*, 329 F.3d 809, 813 (11th Cir. 2003); *King v. Allstate Insurance Co.*, 906 F.2d 1537, 1545 n.8 (11th Cir. 1990).

document to determine the intent of the parties unless the disputed contract provision is ambiguous."[4]   In reviewing maritime contracts to see if their written language is ambiguous, the Court is to "giv[e] their terms their normal and everyday meaning."[5]  Standard dictionaries may be employed for this purpose.[6]  Language in a maritime contract is ambiguous "if it is reasonably susceptible to more than one interpretation."[7]  If language in a maritime contract is determined to be ambiguous under these rules, the Court may consider extrinsic evidence in isolating the parties' intent.[8]  And, at least when no such evidence is offered, "[t]he traditional rule of construction in admiralty cases is to construe the contract language most strongly against the drafter."[9]

The ordinary meaning of "violate" is to breach, break or disregard.[10]  That meaning plainly qualifies as a reasonable interpretation of the word as used in the Agreement.  The petitioner concedes that the indemnity provision did not result in a breach of his contract with his insurer.  Instead, he argues that a second reasonable interpretation of "violate" is "exclude from coverage."  He offers no dictionary definition or other source to show that this is a common or otherwise reasonable construction.  Instead, he suggests that the purpose of the "without violating" language in the indemnity provision was to keep the provision from being activated if it would cause the insurer to exclude coverage for losses that would otherwise be covered.  (Doc. 170 at 4-5).

There are multiple problems with this one-sentence argument.  First, the petitioner has

---

[4]*United States ex rel. Eastern Gulf, Inc. v. Metzger Towing, Inc.*, 910 F.2d 775, 779 (11th Cir. 1990).

[5]*Sander v. Alexander Richardson Investments*, 334 F.3d 712, 716 (8th Cir. 2003).

[6]*See, e.g., Norfolk Southern Railway Co. v. Kirby*, 125 S. Ct. 385, 397 (2004).

[7]*United States ex rel. Eastern Gulf v. Metzger Towing,* 910 F.2d at 782 (Johnson, J., dissenting).

[8]*Atlantic Lines, Ltd. v. Narwhal, Ltd.*, 514 F.2d 726, 730 (5th Cir. 1975).

[9]*Edward Leasing Corp. v. Uhlig & Associates, Inc.*, 785 F.2d 877, 889 (11th Cir. 1986).

[10]Webster's Collegiate Dictionary 140, 1319 (3rd ed. 1993).

offered no explanation how that purpose can be gleaned from the four corners of the Agreement, and on its own review the Court has been unable to do so.  Second, to the extent the petitioner suggests there is extrinsic evidence of that purpose, the Court cannot look to such evidence until *after* determining the indemnity provision to be ambiguous from a review of the contractual language itself.[11]  Third, the petitioner has provided no analysis of the policy — or even a copy of Part B of the policy — to show that the indemnity provision, absent the "without violating" language, would have resulted in a loss of coverage that would otherwise exist.

In summary, while Dog River's interpretation of the indemnity provision is reasonable, the petitioner's is not under governing rules of construction.  Accordingly, the "without violating" qualifier of the indemnity provision is unambiguous, and it is triggered only when the renter's assumption of an indemnity obligation would breach his contract with his insurer.  Because the petitioner did not breach his insurance contract by assuming this obligation, the indemnity provision applies here.

### B.  Enforceability of the Clause.

Clauses in maritime contracts that purport to exculpate one party from its own negligence are enforceable only in limited circumstances.  *See generally Bisso v. Inland Waterways Corp*., 349 U.S. 85 (1955).  The petitioner argues that the indemnity provision is unenforceable under this theory.  (Doc. 170 at 5-8).

The threshold question is whether the indemnity provision constitutes an exculpatory clause subject to these rules.  The indemnity provision does not expressly exculpate Dog River from its own negligence, as it requires the petitioner to indemnify Dog River for "all damage caused by Owner or Vessel."  The petitioner, however, notes that Dog River could come aboard the vessel, start (or do something that helps start) a fire with or without the concurrent fault of the petitioner or vessel, and then say the vessel caused the resulting damage to the marina, resulting in the petitioner indemnifying Dog River for its own negligence.  (Doc. 170 at 7 & n.2).

---

[11]At any rate, the petitioner has proffered no evidence of the purpose of the "without violating" language but only his unhelpful ipse dixit.

In such a situation — when the conduct of Dog River and the petitioner or his vessel jointly cause damage to the marina — the Agreement does not specify how responsibility for the damage will be allocated.  There are at least four possibilities: (1) the petitioner is responsible for all damage; (2) Dog River is responsible for all damage; (3) the responsibility of each is proportionate to fault; and (4) the responsibility is divided pro rata. If the second possibility (or perhaps the third) obtains, the indemnity provision is not an exculpatory clause.  If the first or fourth obtains, the indemnity provision is an exculpatory clause, because it requires the petitioner to pay for all or part of Dog River's negligence.

The Court concludes that the phrase "Owner shall ... indemnify ... Marina ... against all damage caused by Owner or Vessel" can reasonably be construed to mean that the petitioner must indemnify Dog River for all damage to the marina resulting from the concurrent fault of Dog River and the petitioner or his vessel.  The Court reaches this conclusion because, when either of two causes of damage is alone sufficient to have caused the damage, then each cause can reasonably be said to have caused all the damage.  Likewise, when neither of two causes would alone be sufficient to have caused the damage, but both were necessary to cause the damage, each can reasonably be said to have caused all the damage.  There appears to be nothing within the Agreement to negate this as a reasonable interpretation of the quoted language.

It would also be reasonable to construe the quoted language as denoting that the damages for which the petitioner must indemnify Dog River are limited to those caused exclusively by the petitioner or his vessel.  Because there are two reasonable constructions of the indemnity provision, it is ambiguous.  In the absence of any evidence or argument from the parties as to how to resolve the ambiguity, the Court proceeds to the principle that an ambiguous provision in a maritime contract is to be construed against the drafter.  Accordingly, the Court adopts the petitioner's favored interpretation and concludes that the indemnity provision requires the petitioner to indemnify Dog River for its own negligence.  It is therefore an exculpatory clause subject to *Bisso* and its progeny.

The petitioner requests the Court to employ the test for enforceability of such clauses articulated in *Merrill Stevens Dry Dock Co. v. M/V YEOCOMICO II*, 329 F.3d 809 (11th Cir. 2003), and other cases.  (Doc. 170 at 5-6).  This test consists of three components:

First, the ... clause must clearly and unequivocally indicate the parties' intention.

> Second, the limitation must not absolve the [party] of all liability and must still provide a deterrent to negligence. ...  Third, the parties to the contract must have equal bargaining power.

*Id.* at 813.

The indemnity provision does not "clearly and unambiguously indicate the parties' intention" that the petitioner indemnify Dog River if the two combine to cause damage to the marina.  As set forth above, the provision does not expressly provide for exculpation, and the meaning of the term "all damage caused by Owner or Vessel" is ambiguous.  The Court has adopted the construction that the provision requires the petitioner to indemnify Dog River for its own negligence, not because the requirement is unambiguous, but because legal rules of construction require it to resolve ambiguity in this manner.

Because the indemnity provision does not clearly and unambiguously indicate the parties' intention that the petitioner indemnify Dog River for its own negligence, it is unenforceable to that extent.

Dog River does not seek to justify the exculpatory aspects of the indemnity provision, either by denying the existence of such aspects or by attempting to fit them within *Merrill Stevens*.  Instead, Dog River suggests that the Court should not apply *Merrill Stevens* or any similarly restrictive test to an exculpatory clause that appears, as this one does, in a slip agreement.  (Doc. 175 at 7-10).  Dog River bases this argument on *Sander v. Alexander Richardson Investments*, 334 F.3d 712 (8th Cir. 2003).  *Sander*, however, rejected only the second requirement of *Merrill Stevens* — that the clause not absolve a party of all liability.  *Id*. at 717-21.  *Sander* left intact the requirement that an exculpatory clause be clearly and unequivocally expressed, finding this element "universally agreed" upon.  *Id*. at 715.

The petitioner assumes that, because the indemnity provision is exculpatory in some applications, it is never enforceable, even if the petitioner or his vessel is wholly at fault and Dog River is not at all at fault.  Absent authority or compelling argument in support of this position, which the petitioner does not provide, the Court declines to adopt it.[12]

---

[12]It is quite possible that the same result could have been reached more directly under the maritime rule that "[a] contract of indemnity ... should not be read to impose liability for those losses or liabilities which are neither expressly within its *terms nor of such a character that it*

## CONCLUSION

For the reasons set forth above, the petitioner's motion for partial summary judgment is **granted** to the extent that Dog River is precluded from relying on the indemnity provision to obtain indemnity for damages caused by its own negligence or other culpable fault. In all other respects the motion is **denied**.

DONE and ORDERED this 17th day of January, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

*can be reasonably inferred that the parties intended to include them* within the indemnity coverage." *Corbitt v. Diamond M Drilling Co.*, 654 F.2d 329, 333 (5th Cir. 1981)(emphasis added)(providing as an example agreements to indemnify against another's negligence). Under that rule, the Court might have been able to conclude that the indemnity provision does not reach damage caused by Dog River's negligence to begin with, rather than concluding that it does reach such damage but is to that extent unenforceable. Because neither party urged application of this principle, the Court does not rest its decision upon it.