IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN THE COMPLAINT OF ARDEN A.    )
JOHNSON, etc.,                  )
                                )    CIVIL ACTION 04-0128-WS-B
    Petitioner.                 )

**ORDER**

The Federal Rules of Civil Procedure provide that "[t]he [final pretrial] conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties." Fed. R. Civ. P. 16(d). The Court's standing order governing final pretrial conference specifies that "[f]ailure ... to attend the Pretrial Conference may result in ... dismissal of the action for failure to prosecute." (Doc. 146, Attachment at 4). On January 5, 2006, the Court entered an order rescheduling the final pretrial conference to January 19, 2006 at 10:00 a.m. (Doc. 183). Counsel for claimant Allstate Insurance Co. ("Allstate"), without notice, request or permission, failed to attend the conference. Accordingly, on January 20, 2006 the Court ordered Allstate to show cause why its claims should not be dismissed with prejudice. (Doc. 198). Allstate declined to do so.[1]

"If a party ... fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a ... pretrial conference,... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Fed. R. Civ. P. 16(f). Pursuant to Rule 37(b)(2)(C), a court may enter an order "dismissing the action or proceeding or any part thereof." These provisions grant the Court the authority to dismiss the claim of a party that fails to attend the pretrial conference, and they are the source of the standing order's express warning.

"[T]he decision to enter a default judgment [pursuant to Rule 37(b)(2)C)] ought to be the last resort — ordered only if noncompliance is due to willful or bad faith disregard of court orders." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542

---

[1]Allstate's response was due on January 25, 2006. A full week later, Allstate has filed no response.

(11th Cir. 1985).  Thus, the sanction should not issue "if less draconian but equally effective sanctions were available."  *Id*. at 1543; *accord Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).  The Court's order to show cause provided Allstate an opportunity to show that its failure to attend the pretrial conference was not the result of willful or bad faith disregard of the attendance requirement imposed by Rule 16(d) and the Court's standing order.  Instead, Allstate ignored that order as well, confirming that it has elected to willfully disregard the Court's orders, and the Court is satisfied that no sanction short of dismissal would be effective.[2]

For the reasons set forth above, all claims of Allstate Insurance Company are **dismissed with prejudice**.

DONE and ORDERED this 2nd day of February, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] For the same reasons, Allstate's conduct also justifies dismissal under Rule 41(b).  *See Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999); *Morewitz v. West of England Ship Owners Mutual Protection and Indemnity Association*, 62 F.3d 1356, 1366 (11th Cir. 1995); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).